Kerry K. Fennelly (SBN 232621)
kfennelly@donaldsonandcornwell.com
Valentina S. Mindirgasova (SBN 272746)
vmindirgasova@donaldsonandcornwell.com
Cornwell Brady & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100 tel
(760) 747-1188 fax

Attorneys for Plaintiffs,
GCIU-Employer Retirement Fund and
Board of Trustees of the
GCIU-Employer Retirement Fund

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND AND BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND,<br><br>Plaintiffs,<br>v.<br><br>PRINTING CRAFTSMEN, INC. a New Jersey Corporation<br><br>Defendant. | CASE NO. 2:15-CV-8912<br><br>**COMPLAINT**<br><br>Collection of Withdrawal Liability pursuant to ERISA § 4221(b)(1) (29 U.S.C. § 1401(b)(1)) |

## **COMPLAINT**

Plaintiffs, GCIU-Employer Retirement Fund and Board of Trustees of the GCIU-Employer Retirement Fund, for causes of action against Defendant, Printing Craftsmen, Inc., allege as follows:

## **JURISDICTION AND VENUE**

1. This is an action for collection of withdrawal liability, interest, and attorneys' fees incurred by an employer as a result of a withdrawal from a multiemployer pension plan, which action arises under the Employee Retirement Income Security Act of 1974

("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 *et seq*.

2.   This court has jurisdiction over this action under §§ 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3.   Venue lies in this Court under §§ 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the GCIU-Employer Retirement Fund ("Fund") is administered at its principal place of business in City of Industry, California.

## PARTIES

4.   Plaintiff Fund is a multiemployer pension plan within the meaning of §§ 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5.   Plaintiff Board of Trustees of the GCIU-Employer Retirement Fund ("Board of Trustees") is comprised of the present trustees who are the named fiduciaries of the Fund within the meaning of § 402(a) of ERISA, 29 U.S.C. § 1102(a), and is the plan sponsor of the Fund within the meaning of §§ 3(16)(B)(iii) and 4001(a)(10) of ERISA, 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10).  The Board of Trustees administers the Fund at 13191 Crossroads Parkway North, Suite 205, City of Industry, California 91746-3434.

6.   Pursuant to §§ 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Board of Trustees is authorized, as a named fiduciary, to bring this action on behalf of the Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.  The Fund is also authorized to bring this action in its own name pursuant to a provision contained within Article VIII, Section 16 of the Fund's Trust Agreement, which permits all legal actions to be prosecuted in the name of the Fund.  A true and correct copy of the Fund's Trust Agreement is attached hereto as Exhibit 1.

7.   Defendant Printing Craftsmen, Inc. ("Printing Craftsmen") is a corporation organized under the laws of the State of New Jersey.

8.   At all times relevant to this action, Defendant has been an "employer" as the term is defined by § 3(5) of ERISA, 29 U.S.C. § 1002(5), and was engaged in an industry

affecting commerce, as defined by section 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a).

## CLAIM FOR RELIEF

(Default on Payment Obligation for Withdrawal Liability)

9. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10. During all relevant times, Printing Craftsmen was bound by a collective bargaining agreement with Graphic Communications International Union Local 612M under which it was required to make contributions to the Fund on behalf of its employees. A true and correct copy of the collective bargaining agreement is attached hereto as Exhibit 2.

11. Printing Craftsmen's obligation to contribute to the Plaintiff Fund ceased in 2011 because it withdrew from participation in the Plaintiff Fund.

12. As a result, the Fund provided Defendant with a Notice of Complete Withdrawal Liability and Demand for Payment ("Notice and Demand") dated September 25, 2014, pursuant to §§ 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). In accordance with ERISA and the Fund's Withdrawal Liability Procedures, the Fund's actuary determined that the withdrawal liability attributable to Defendant was $204,928. The Notice and Demand included a detailed calculation of how the amount of the withdrawal liability assessment was calculated by the actuary. A true and correct copy of the Notice and Demand with the detailed calculations is attached hereto as Exhibit 3.

13. The Notice and Demand also provided Printing Craftsmen with a payment schedule for the withdrawal liability assessment in accordance with the requirements of ERISA § 4219(c), 29 U.S.C. § 1399(c). A copy of the payment schedule is labeled as exhibit 2 of Exhibit 3 attached hereto.

14. Printing Craftsmen failed to exercise its rights under § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), to ask the Trustees/plan sponsor to review the assessment, to identify any inaccuracies in the determination of the amount of the assessment, or to furnish any additional information to the Trustees/plan sponsor.

15. On July 30, 2015, the Fund provided via certified mail a Notice of Failure to Pay Withdrawal Liability and Demand for Cure ("Demand for Cure") to Printing Craftsmen in accordance with § 4219(c)(5) of ERISA, 29 U.S.C § 1399(c)(5). A true and correct copy of the Demand for Cure is attached hereto as Exhibit 4.

16. Subsequently, Printing Craftsmen did not timely initiate arbitration pursuant to § 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Fund are due and owing pursuant to § 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

17. Printing Craftsmen have failed to make the required withdrawal liability payment(s) to the Fund and thus are in default within the meaning of § 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

WHEREFORE, Plaintiffs request the following relief:

A judgment against Defendant Printing Craftsmen, and on behalf of Plaintiffs, pursuant to § 4301(b) of ERISA, 29 U.S.C. § 1451(b), for:

(i) the past due withdrawal liability payment of $204,928;

(ii) interest at the prevailing market rate pursuant to § 4219(c)(6) of ERISA, 29 U.S.C. § 1399(c)(6), on the total amount of unpaid withdrawal liability due and owing from January 1, 2012 until paid;

(iii) Plaintiffs' reasonable attorneys' fees and costs of the action; and

(iv) such other legal and equitable relief as the Court deems appropriate.

Dated: November 16, 2015        /s/ Kerry K. Fennelly
                                Kerry K. Fennelly
                                Valentina S. Mindirgasova
                                Cornwell Brady & Baldwin
                                1017 East Grand Avenue
                                Escondido, CA 92025
                                (760) 747-1100
                                kfennelly@donaldsonandcornwell.com
                                vmindirgasova@donaldsonandcornwell.com
                                Attorneys for Plaintiffs